

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROGRESSIVE NATIONAL BAPTIST )
CONVENTION, INC., )
)
Plaintiff, )
)
v. ) No. 14 C 5258
)
URBAN MINISTRIES, INC., )
)
Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Progressive National Baptist Convention, Inc.'s (PNBC) motion for partial summary judgment and Defendant Urban Ministries, Inc.'s (UMI) motion for summary judgment. For the reasons stated below, UMI's motion for summary judgment is granted and PNBC's motion for partial summary judgment is denied.

## BACKGROUND

On August 6, 2006, UMI and PNBC allegedly entered into an agreement ("Agreement") relating to the purchase and publication of religious education materials for use by churches that are PNBC members. PNBC alleges that UMI breached the agreement by failing to remit $6,000 in monthly royalty payments,

1

failing to remit commission payments, and failing to submit an accounting from 2006 through 2014. On July 10, 2014, PNBC filed its complaint against UMI alleging a single claim for breach of contract. PNBC and UMI now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable

inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

**DISCUSSION**

I. Elements of Proof

UMI argues that PNBC has failed to come forward with record evidence sufficient to support the essential elements of its breach of contract claim. Under Seventh Circuit precedent, to prevail on a breach of contract claim, "a plaintiff must establish the existence of a valid and enforceable contract, plaintiff's performance, defendant's breach of the terms of the contract, and damages resulting from the breach." *Spitz v. Proven Winners N. Am., LLC,* 759 F.3d 724, 730 (7th Cir. 2014). The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Also, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. In such a situation, the "moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has

3

the burden of proof." *Id.* at 323.

A. Plaintiff's Performance

UMI argues that PNBC has failed to come forward with record evidence that it satisfied its own obligations under the Agreement. Under Seventh Circuit precedent, a "defendant may raise the issue of non-performance of a condition precedent prior to trial by way of a motion for summary judgment." *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1112 (7th Cir. 1984). Under the Agreement, PNBC was required to provide a membership list to UMI under Section 9(M) of the Agreement, which states as follows:

> In order to strengthen the relationship between UMI and PNBC churches, PNBC commits itself to the following activities. . . M. Provide a "confidential" membership list of PNBC churches to UMI.

Statement of Undisputed Facts, Par. 13. Agreement, Section 9(M). The confidential membership lists would enable UMI to determine which organizations were affiliated with PNBC to determine a proper accounting for commissions or royalties owed. Through extensive discovery, PNBC was only able to provide one witness' statement on this subject, in which Dr. Tyron Pitts (Pitts), PNBC's former General Secretary, testified that PNBC had a responsibility to send membership lists to UMI. Pitts testified, however, that he only sent the membership list to another PNBC employee, Michelle Jamison (Jamison), and he did not personally send the list to UMI. Jamison also testified, stating that she does not recall sending any membership

4

list to UMI. PNBC's evidence on the issue of providing UMI with a membership list stops there, as they are unable to confirm the satisfaction of their obligations other than the vague statements of Pitts and Jamison. Pitts' and Jamison's testimonies fall woefully short of being admissible, are not supported by authenticated documentation or evidence, and therefore may not be relied on at the summary judgment stage. *See Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003)(inadmissible hearsay is not permitted as evidence in support of summary judgment motion). PNBC also states that there is "a genuine issue of material fact as to whether PNBC satisfied the condition precedent of supplying the membership list." (PNBC Resp. 4). After extensive discovery, PNBC still concedes that it failed to demonstrate its burden of proof at the summary judgment stage and failed to make a sufficient showing that it satisfied its obligations under the Agreement. Having failed to make a sufficient showing on an essential element of the case, PNBC's contract claim must fail. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (nonmoving party must make a sufficient showing on all essential elements of the case on which she has the burden of proof); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432–33 (7th Cir. 2009) (plaintiffs failure to comply with contractual requirement warrants summary judgment). Therefore, PNBC has failed to establish its satisfaction of performance, which is an essential element of a breach of contract claim.

### B. Damages

UMI also argues that PNBC has failed to establish a reasonable basis of damages resulting from the alleged breach of contract. Under Seventh Circuit precedent, "[p]laintiffs are not required to prove damages to the exact cent; they must merely establish a reasonable basis for computing damages . . . ." *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 518 (7th Cir. 2011). PNBC filed a motion for summary judgment, yet asks this court to postpone any determination of damages because they should be determined at trial. PNBC argues this point while providing no reasonable estimate of damages to which it is entitled. The Agreement dates to 2006, and PNBC has failed to provide sufficient evidence as to damages. Even if PNBC was able to provide sufficient evidence showing it satisfied performance under the Agreement, PNBC has failed to satisfy the essential element of damages resulting from the breach. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)(stating that the party opposing summary judgment must set forth specific facts showing there is a genuine issue for trial). Therefore, PNBC has failed to satisfy its burden of establishing a reasonable basis for computing damages.

### CONCLUSION

Based on the foregoing reasons, UMI's motion for summary judgment is granted and PNBC's motion for summary judgment is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 31, 2017